IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-477-FL

| | | |
|---|---|---|
| UBA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THYSSENKRUPP ELEVATOR | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court following telephonic conference held March 2, 2017, pursuant to Rule 16 of the Federal Rules of Civil Procedure. Plaintiff appeared through counsel Jose A. Coker, Quintin D. Byrd, and R. Jonathan Charleston. Defendant appeared through counsel Nora F. Sullivan and Jonathan A. Berkelhammer. This order memorializes matters discussed at conference and responds to request for clarification of the court's order on summary judgment, entered February 9, 2017.

The parties' prior settlement efforts, concluding in impasse, briefly were discussed. It appears further efforts are unlikely at this time to result in a negotiated case resolution. In response to inquiry by the court concerning anticipated length of trial, in aid to its determination of a trial setting, question was raised by counsel as to the effect of the court's denial of summary judgment. Clarification of its prior order respectfully was requested.

# COURT'S DISCUSSION

The court proceeds here immediately to its discussion of the matter, where the case background is a matter of record. In its prior order, the court denied summary judgment on plaintiff's claims. The court refers the parties to that order for the reasons why a triable issue of fact exists on plaintiff's claim for breach of contract. The parties also are referred to that order for the reasons why plaintiff's claim for specific performance fails under law and why it cannot under law maintain a claim here premised upon the North Carolina Unfair and Deceptive Trade Practices Act ("UDPTA"). N.C. Gen Stat. 75-1.1. et seq.

A Rule 16 status conference serves multiple purposes, many of which are memorialized in Rule 1 of the Federal Rules of Civil Procedure, which countenances a rules construction that will "secure the just, speedy, and inexpensive determination of every action and proceeding." More specifically, a Rule 16 conference may be convened, as here, to discuss settlement activities, expedite the case disposition, improve the quality of the trial, and discourage wasteful pretrial activities. Fed.R.Civ.Pro. 16(a).

Counsel for plaintiff's question as to the status of the specific performance and UDPTA claims was raised in response to the court's question as to estimated length of trial. A party's calculus of the appropriate amount and type of resources to be dedicated to a trial effectively can only flow from an understanding of what issues remain for trial. At conference, counsel for each side expressed divergent understandings as to the effect of the court's denial of summary judgment upon those claims. Among the lawyers for plaintiff there seemed some difference of opinion, too.

The court elevated plaintiff's question to the form of an oral motion, which it took under advisement indicating, in response to defendant, that it was not necessary for it or any party to

2

provide briefing on the issue of the meaning of its prior order on summary judgment. However, in the context in which the court now has decided to address the question, a reasonable time to respond is mandated.

Rule 56(f) of the Federal Rules of Civil Procedure provides in part that "[a]fter giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute. Fed. R. Civ. P. 56(f)(3); accord Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Where a court gives notice that it is considering entering sua sponte summary judgment, the responding party must appreciate its status as "target" of the court's inquiry, and possess that motivation when preparing a response. John G. Alden, Inc. of Mass. v. John G. Alden Ins. Agency of Fla., Inc., 389 F.3d 21, 25 (1st Cir. 2004); accord United States Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n., 873 F.2d 731, 735 (4th Cir. 1989). Accordingly, a party responding to a Rule 56(f) inquiry is entitled to "an adequate opportunity to demonstrate a genuine issue of material fact." United States Dev., 873 F.2d at 735.

NOTICE is hereby given that the court is considering entering sua sponte partial summary judgment in favor of defendant with respect to plaintiff's claim for specific performance and its claim pursuant to the UDTPA. The court refers the parties to its prior order for identification of material facts not genuinely disputed and the court's discussion of applicable law.

## CONCLUSION

For the foregoing reasons, where the court is considering entering sua sponte partial summary judgment in favor of defendant on plaintiff's specific performance claim and its claim pursuant to the UDTPA:

3

1.  Plaintiff is accorded opportunity to show cause why partial summary judgment should not issue in favor of defendant with respect to those claims. Plaintiff shall have 21 days within which to respond to the court's notice. Plaintiff's response shall not exceed 15 pages in length. If no response timely is received, the clerk will be directed to enter judgment in defendant's favor on these two claims, with trial to be set on plaintiff's remaining breach of contract claim.

2.  Defendant shall have 21 days following service of plaintiff's response within which to reply. Its reply shall not exceed 15 pages in length.

3.  Accordingly, plaintiff's oral motion for clarification is DENIED as MOOT.

SO ORDERED, this the 3rd day of March 2017.


_____
LOUISE W. FLANAGAN
United States District Judge

4